UNITED STATES v. THIRTEEN CRATES OF FROZEN EGGS.

(Circuit Court of Appeals, Second Circuit. June 3, 1914.)

No. 233.

1. FOOD (§ 5*)—"ADULTERATED FOOD."

Decayed frozen eggs, taken from the shell and mixed together, are within the prohibition of Food and Drugs Act of June 30, 1906, c. 3915, § 2, 34 Stat. 768 (U. S. Comp. St. Supp. 1911, p. 1354), which prohibits the transportation from one state to another of any adulterated article of food as defined in section 7.

[Ed. Note.—For other cases, see Food, Cent. Dig. § 1; Dec. Dig. § 5.*

For other definitions, see Words and Phrases, vol. 1, pp. 210–212.

What constitutes a violation of pure food regulations, see note to Brina v. United States, 105 C. C. A. 559.]

2. FOOD (§ 14*)—VIOLATION OF FOOD AND DRUGS ACT—SHIPMENT OF ADULTERATED ARTICLE OF FOOD—INTENT OF PARTIES.

On the question of a violation of Food and Drugs Act of June 30, 1906, c. 3915, § 2, 34 Stat. 768 (U. S. Comp. St. Supp. 1911, p. 1354), by the shipment in interstate commerce of an adulterated article of food, the intent of either the shipper or consignee is immaterial.

[Ed. Note.—For other cases, see Food, Cent. Dig. §§ 10–13; Dec. Dig. § 14.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the Southern District of New York.

On appeal from the District Court of the United States for the Southern District of New York, from a final decree providing for the condemnation and forfeiture to the United States of thirteen crates, more or less, of frozen eggs, seized under the act of June 30, 1906, 34 Stat. L. 768.

For opinion below, see 208 Fed. 950.

See, also, 215 Fed. 585.

Breed, Abbott & Morgan, of New York City, for the claimant.

H. Snowden Marshall, U. S. Atty., and Addison S. Pratt, Asst. U. S. Atty., both of New York City.

Before COXE and ROGERS, Circuit Judges, and MAYER, District Judge.

COXE, Circuit Judge. The question involved in this controversy is simply this—whether decayed frozen eggs taken from the shell and mixed together are within the prohibition of the act of Congress which prohibits the transportation from one state to another of any adulterated article of food.

We are clearly of the opinion that they are and that the question of intent of either the shipper or the consignee has nothing to do with the question. The law could not be enforced if the government is compelled, in the case of articles clearly prohibited from interstate commerce, to establish the wrongful intent of the parties. It is enough that such articles are prohibited. All that it is necessary for the government to show is that an adulterated article of food has been transported in interstate commerce and it has amply shown this in the present case. Judge Ray has found the facts and correctly stated the principles of law applicable thereto.

The judgment is affirmed.