## UNITED STATES v. 426 BAGS OF ECONOMY SPECIAL HOG FEED.

(District Court, W. D. Michigan. May 6, 1921.)

1. **Adulteration ☞4—Hog feed held misbranded.**

   Hog feed was misbranded, in violation of Food and Drugs Act, § 10 (Comp. St. § 8726), where the labels upon the bags contained false and misleading statements as to percentages of its ingredients.

2. **Adulteration ☞4—Shipment of misbranded goods not for sale violation of Food and Drugs Act.**

   Transportation from one state to another of misbranded hog feed was a violation of Food and Drugs Act, § 10 (Comp. St. § 8726), though the purpose of the transportation was not for sale.

Proceeding by the United States to condemn 426 bags of Economy Special Hog Feed. On motion to strike claimant's answer and for a decree of condemnation. Motion granted.

M. H. Walker, Dist. Atty., of Grand Rapids, Mich., for the United States.

Wm. J. Landman, of Grand Rapids, Mich., for Chas. F. Bartlett Co.

SESSIONS, District Judge. [1] This is a proceeding under section 10 of the Food and Drugs Act of 1906 (Comp. St. § 8726) to condemn 426 bags of feed owned by claimant and, under its direction, shipped and transported in interstate commerce from Milford, Ind., to Augusta, Mich. At the time of the shipment and transportation and of the seizure the feed was misbranded, in that the labels upon the bags contained false and misleading statements as to percentages of its ingredients. Claimant faintly urges that such false statements in the labels did not constitute misbranding within the meaning of the act of Congress; but this insistence is so plainly without foundation as not to require discussion. Claimant was the original manufacturer of the feed in question and had sold and shipped it to one of its customers at Milford, Ind. Upon being notified that the feed did not contain the percentages of ingredients stated and set forth in the labels, claimant instructed and directed its customer to reship the feed to Augusta, Mich., in order that it might be remanufactured, or remixed, and thus made to conform to the statements in the labels. The shipment and transportation of the feed from Indiana to Michigan was not for sale. At the time the libel in this case was filed and the seizure made, the transportation of the feed in interstate commerce had been completed, but the feed still remained in the possession of claimant and in the original unbroken packages.

[2] The principal contention of claimant is that the feed in question is not subject to seizure and forfeiture because the purpose of the transportation thereof from Indiana to Michigan was not for sale. The question thus presented was settled adversely to claimant by the Supreme Court in the case of Hipolite Egg Co. v. United States, 220 U. S. 45, 31 Sup. Ct. 364, 55 L. Ed. 364, and is not now an open one. In that case the decisions of the lower courts, upon which claimant re-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

lies, were mentioned and briefly discussed, but not approved; indeed, the result reached was a distinct disapproval. The prohibition of the statute is directed against the transportation in interstate commerce of misbranded and adulterated articles of food alike. Some of the later cases directly in point are the following: United States v. 12 Crates of Frozen Eggs (D. C.) 208 Fed. 950; Id., 215 Fed. 584, 585, 131 C. C. A. 652; Philadelphia Pickling Co. v. United States, 202 Fed. 150, 120 C. C. A. 429; United States v. 9 Barrels of Butter (D. C.) 241 Fed. 499; United States v. 2 Barrels of Desiccated Eggs (D. C.) 185 Fed. 302; United States v. 300 Cans of Frozen Eggs, 189 Fed. 351, 111 C. C. A. 83; Weigle v. Curtice Bros. Co., 248 U. S. 285–287, 39 Sup. Ct. 124, 63 L. Ed. 242; Weeks v. United States, 245 U. S. 618–622, 38 Sup. Ct. 219, 62 L. Ed. 513. Since the Hipolite Case, above cited, there have been no decisions to the contrary.

The motion to strike claimant's answer from the files and for a decree of condemnation will be granted.